| Case No. | ED CV 19-1639 FMO (SHKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | Kenneth Smith v. EthosEnergy, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Cheryl Wynn | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On July 18, 2019, Kenneth Smith ("plaintiff") filed a Complaint in the Riverside County Superior Court against EthosEnergy ("Ethos"), EthosEnergy (USA), LLC ("Ethos USA"), Wood Group USA, Inc. ("Wood") (together with Ethos and Ethos USA, "entity defendants"), and Tommy Hinton ("Hinton") (collectively, "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1, Complaint). Among other claims, plaintiff asserted claims for hostile work environment and harassment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900, et seq., and intentional infliction of emotional distress against Hinton. (See Dkt. 1-1, Complaint at ¶¶ 28-35, 89-93). On August 28, 2019, the entity defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶ 4). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014). Although plaintiff asserts class allegations, (see Dkt. 1-1, Complaint), defendants do not seek to remove pursuant to CAFA. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 19-1639 FMO (SHKx)** | Date | **September 16, 2019** |
|---|---|---|---|
| Title | **Kenneth Smith v. EthosEnergy, et al.** | | |

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Service, Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff is a citizen of California. (See Dkt. 1, NOR at ¶ 5). The entity defendants do not appear to be citizens of California. (See id. at ¶¶ 6-7). Hinton, however, appears to be a citizen of California. (See id. at ¶ 8) (not setting forth Hinton's citizenship). Defendants assert that Hinton is a sham defendant, and therefore, his citizenship should be disregarded for purposes of diversity jurisdiction. (See id. ¶ 8-18).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publications, Inc., et al., 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015)

---

[2] The entity defendants seek only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1639 FMO (SHKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | Kenneth Smith v. EthosEnergy, et al. | | |

("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

The court finds that defendants have failed to meet their "heavy burden" of demonstrating fraudulent joinder by clear and convincing evidence. See Grancare, 889 F.3d at 548. Defendants contend that plaintiff's discrimination, harassment and intentional infliction claims against Hinton are not viable. (See Dkt. 1, NOR at ¶¶ 11). For instance, defendants contend that Hinton's comments to plaintiff that he was "moving like a fucking old lady" and he was a "fucking idiot" are insufficient to support a claim because plaintiff did not report his alleged injury until after the comments were made. (See id. at ¶ 15). However, defendants concede that plaintiff alleges his advised Hinton of an injury via text message weeks prior to the comments, although defendants contend such allegations are insufficient to state a claim. (See id.). Defendants also contend that plaintiff's allegations in support of his intentional infliction claim do not meet the high bar required to state such a claim because Hinton's comments were not sufficiently outrageous. (Id. at ¶ 17).

However, defendants attack on plaintiff's Complaint is an insufficient ground upon which to disregard the harassment and intentional infliction claims against Hinton for purposes of diversity jurisdiction. See Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."); Munoz v. Laboratory Corporation of America, et al, 2015 WL 4507104, *1 (C.D. Cal. 2015) ("Even where presently deficiently pled, where Plaintiffs may amend [the] claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [the defendant].") (emphasis in original); Gebran v. Wells Fargo Bank, N.A., 2016 WL 7471292, *5 (C.D. Cal. 2016) (explaining that a court must look at whether plaintiff has a cause of action against an alleged defendant "rather than inquire whether [the] defendant[] could propound defenses to an otherwise valid cause of action"). At this juncture, it cannot be said that the state court would find the claims to be inadequately pled or that plaintiff would be unable to amend the Complaint to the state court's satisfaction. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-1639 FMO (SHKx) | Date | September 16, 2019 |
|---|---|---|---|
| Title | Kenneth Smith v. EthosEnergy, et al. | | |

there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); Martinez v. Michaels, 2015 WL 4337059, *9 (C.D. Cal. 2015) ("[C]ourts ordinarily find IIED claims based on workplace harassment or discrimination viable even where asserted against individual supervisors."); Rangel v. Bridgestone Retail Operations, LLC, 200 F.Supp.3d 1024, 1034 (C.D. Cal. 2016) (remanding action because although "Plaintiff's operative complaint [did] not adequately allege a cause of action against [the] Individual Defendant . . . for IIED, Defendants [did] not m[e]et their burden of establishing that Plaintiff [was] incapable of amending his complaint to state a valid IIED claim").  As such, defendants cannot show that it is "obvious according to the well-settled [law of California]" that plaintiff cannot state a claim against Hinton.  See United Comput. Sys., Inc., 298 F.3d at 761; Allen, 784 F.3d at 634 ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law.").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their heavy burden of showing that Hinton was fraudulently joined.  Because Hinton appears to be a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Riverside, 450 Main St., Riverside, CA 92501, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | cw | |